ISAAC SCHLICHTER, ASSIGNEE, ETC., OF LUTHER DOCK, RESPONDENT, *v.* SOUTH BROOKLYN SAW-MILL COMPANY AND OTHERS, APPELLANTS.

*Order of substitution — Code of Civil Procedure, sec. 757 — an assignee may be substituted as plaintiff although a counter-claim has been pleaded.*

In this action, brought to foreclose a mortgage, the defendant set up a counter-claim in his answer. After issue joined the plaintiff died and letters testamentary were issued to his widow, who thereafter assigned the mortgage to one Schlichter. Upon the motion of the latter an order was made substituting him as plaintiff in the action and continuing the same.

*Held*, that it was proper to make the order; that the defendant could apply his counter-claim to the satisfaction of the plaintiff's demand, and recover the balance, if any, in an action against the executors of the original plaintiff.

APPEAL from an order, made at a Special Term, directing that the action be continued by one Isaac Schlichter as plaintiff in the place and stead of Luther Dock, deceased.

*John Winslow*, for the appellants.

*Tunis G. Bergen*, for the respondent Schlichter.

DYKMAN, J. :

This suit was brought for the foreclosure of a mortgage, and when it had proceeded to issue the plaintiff died. He left a last will and testament, in which his wife was named as the sole executrix, which was proved and admitted to probate. His wife received letters

testamentary on her husband's will and became the sole executrix thereunder. After that she assigned the bond and mortgage to Isaac Schlichter by a deed of assignment duly executed. Then Schlichter made a motion at Special Term to be substituted as plaintiff in the action, and continue the same in his name. The motion was granted and this appeal is from that order. The answer of the defendant sets up a counter-claim. The provision of section 757 of the present Code is, that in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives, the court must, upon a motion, compel the action to be continued by or against his representative or successor in interest. This case falls exactly into this statute. The cause of action survives the plaintiff and the applicant Schlichter is the successor to his interest, and the revival of the action and its continuance in his name is plainly contemplated.

The continuation of an action in the name of an assignee or successor in interest of the original plaintiff is no new practice, and is not antagonistic to any legal principle, even where the defendant has a counter-claim. The only effect of the assignment of the cause of action, before or after suit, is to restrict the use of the counter-claim to the extinguishment of the cause of action and leave the balance thereof to be enforced against the original party or his estate. This engenders no hardship or injustice, for the holder of the counter-claim has for it the same security he had before the assignment of the cause of action. He may use sufficient of it in the action to extinguish the cause of action, and then obtain a judgment in a new suit for the balance. The only difference being that if there had been no assignment the judgment for the balance would result in the same action. The provision of the Code referred to above seems to be mandatory, and to confer on the successor in interest to the original plaintiff in this action the legal right to substitution in his place as plaintiff. (*Greene* v. *Martine*, 21 Hun, 140.)

The order should be affirmed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order substituting Schlichter as plaintiff affirmed, with costs and disbursements.